COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


LISA L. GOLDEN
                                           OPINION BY
v.    Record No. 2026-98-1        JUDGE RICHARD S. BRAY
                                       SEPTEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                   E. Everett Bagnell, Judge

          Timothy E. Miller, Public Defender (Office of
          the Public Defender, on brief), for
          appellant.

          Richard B. Smith, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Lisa L. Golden (defendant) was convicted in a bench trial for

possession of cocaine in violation of Code § 18.2-250.  On appeal,

she contends that the trial court erroneously denied her motion to

suppress evidence obtained by police incident to an unlawful

arrest.  We disagree and affirm the conviction.

                              I.

     At approximately 11:30 p.m. on the evening of January 30,

1998, Officer J.M. Brown, together with another officer, was

patrolling the City of Suffolk in an unmarked police vehicle,

participating in an investigation of prostitution within that

community.  As the two proceeded along a public street, defendant,

"walking in the opposite direction," "made eye contact" with the

officers.  Brown stopped the car, defendant approached "of her own free will," and the officers "asked . . . if she needed a ride." Defendant answered, "yes," entered the vehicle and seated herself on the rear passenger side.  The officers inquired "[i]f there was a party going on somewhere," and defendant immediately offered to "give [them] head for a dime."  Based upon "experience as a police officer," Officer Brown recognized the response as a proposition to provide "oral sex" in exchange for $10 and signaled uniformed police, located nearby, to "move in and arrest" defendant for prostitution.

A search incident to the arrest resulted in discovery of two "crack stems" on defendant's person, each containing cocaine residue, evidence that supported the subject offense.  Prior to trial, defendant moved the court to suppress the items, arguing that the police lacked probable cause to arrest her for prostitution and, therefore, unconstitutionally seized the contraband.  The trial court denied the motion and convicted defendant of the instant offense, resulting in this appeal.

Upon review of a trial court's denial of a motion to suppress, "[t]he burden is upon [defendant] to show that this ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error."  Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).  "Questions of . . . probable cause to make a warrantless search are subject to de novo review on

-

appeal.  'In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them.'"  Archer v. Commonwealth, 26 Va. App. 1, 8, 492 S.E.2d 826, 830 (1997) (citations omitted).

## II.

"'Whether a warrantless arrest was constitutionally valid depends upon whether, at the moment the arrest was made, the officers had probable cause to make it.'"  Jefferson v. Commonwealth, 27 Va. App. 1, 12, 497 S.E.2d 474, 479 (1998) (citations omitted).  If so, such "arrest of a suspect . . . is a reasonable intrusion under the Fourth Amendment" and, "that intrusion being lawful, a search incident to the arrest requires no additional justification."  United States v. Robinson, 414 U.S. 218, 235 (1973).[1]  Conversely, however, "a warrantless arrest that is not based upon probable cause is unconstitutional and evidence seized as a result of an unconstitutional arrest is inadmissible, without regard to the officer's good faith and reasonable belief that he was not factually or legally mistaken."  Ford v. City of Newport News, 23 Va. App. 137, 145, 474 S.E.2d 848, 852 (1996).

"'[P]robable cause is measured against an objective standard.'"  Taylor v. Commonwealth, 10 Va. App. 260, 266, 391

---

[1] The well-established authority to search an accused incident to a lawful custodial arrest is generally "based upon the need to disarm and to discover evidence."  Robinson, 414 U.S. at 235; see also Chimel v. California, 395 U.S. 752, 763 (1969).

-

S.E.2d 592, 595-96 (1990) (citations omitted).  It "'exists where "the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.'"  Jefferson, 27 Va. App. at 12, 497 S.E.2d at 479 (citation omitted).  "'In assessing an officer's probable cause for making a warrantless arrest, no less strict standards may be applied than are applicable to a magistrate's determination that an arrest warrant should issue.'"  Ford, 23 Va. App. at 144, 474 S.E.2d at 851 (citation omitted).

It is uncontroverted on the instant record that defendant was initially arrested, without a warrant, for prostitution, a violation of Code § 18.2-346, which provides, in pertinent part, that "any person who, for money or its equivalent, . . . offers to commit adultery, fornication or any act in violation of § 18.2-361 and thereafter does any substantial act in furtherance thereof, shall be guilty of being a prostitute, or prostitution . . . ."  Code § 18.2-346(A) (emphasis added).  Manifestly, evidence of "a [s]ubstantial act performed in furtherance of the offer" is essential to the offense.  Adams v. Commonwealth, 215 Va. 257, 258, 208 S.E.2d 742, 744 (1974) (emphasis added).

The record establishes that defendant offered to "carnally know" the officers "with the mouth," a violation of Code

-

§ 18.2-361(A),[2] in exchange "for money," all indispensable elements to prostitution contemplated by Code § 18.2-346(A).  See Code § 18.2-361(A).  However, the evidence does not disclose "thereafter any substantial act in furtherance thereof."  Code § 18.2-346(A).  Thus, at the time of the warrantless arrest, police lacked reasonable belief that the crime of prostitution or attempted prostitution had been or was being committed and, therefore, arrested defendant without the requisite probable cause.[3]

The Commonwealth, nevertheless, insists that the arrest and related search of defendant were valid because police also possessed probable cause to arrest her for solicitation to commit oral sodomy, in violation of Code § 18.2-29.[4]  The Commonwealth reasons, "an arrest supported by probable cause [related to one offense] is not made unlawful by an officer's subjective reliance on, or verbal announcement of, an offense different from the one for which probable cause exists."  State v. Huff, 826 P.2d 698, 701 (Wash. App. 1992).

---

[2] Code § 18.2-361(A) provides that, "[i]f any person carnally knows . . . any male or female person . . . by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony."

[3] The good faith of the arresting officers in effecting the arrest is not in issue.

[4] Code § 18.2-29 makes it unlawful for "any person to command[], entreat[], or otherwise attempt[] to persuade another person to commit a felony."

-

Although Virginia has neither accepted nor rejected the Commonwealth's theory,[5] the rationale finds support in a majority of other jurisdictions that have confronted the issue, each concluding that "[t]he absence of probable cause to believe that a person committed a particular crime for which a person was arrested does not create an invalid arrest if, at the time of the arrest, the police had sufficient information to support an arrest of the person on a different charge." City of Seattle v. Cardigan, 776 P.2d 727, 731 (1989) (citation omitted); see e.g., United States v. Saunders, 476 F.2d 5 (5th Cir. 1973) (although accused arrested without probable cause for harboring or concealing fugitive, search valid because probable cause existed to arrest for marijuana possession); United States v. Kalter, 5 F.3d 1166 (8th Cir. 1993) (police lacked probable cause to arrest for concealed weapon, but search supported by probable cause to arrest for transporting weapon); United States v. Brookins, 434

---

[5] Taylor lends support to the Commonwealth's argument. 10 Va. App. 260, 391 S.E.2d 592. In Taylor, an officer had removed a gun from the defendant's "bag" before realizing that it was contraband. Id. at 263, 391 S.E.2d at 593. Nevertheless, the trial court found that "the 'sawed-off shotgun [was] in plain view, the butt of it sticking out of a bag[,] . . . easily identified by anyone knowledgeable with guns.'" Id. at 266, 391 S.E.2d at 596. In affirming the conviction, we concluded that "the trial court [is] free to substitute its finding based on the objective facts before it that probable cause to seize the gun existed prior to its removal from the bag . . . under the plain view exception." Id. at 266-67, 391 S.E.2d at 596. See also Shears v. Commonwealth, 23 Va. App. 394, 399, 477 S.E.2d 309, 311 (1996) (evidence resulting from mistaken arrest of accused on warrant admissible).

F.2d 41 (5th Cir. 1970) ("probable cause for arrest for carrying on the business of a distiller would prevent [improper] arrest" for another offense "from being held illegal"); Klinger v. United States, 409 F.2d 299 (8th Cir.), cert. denied, 396 U.S. 859 (1969) (search incidental to improper arrest for "vagrancy" valid because probable cause existed for a robbery arrest); Huff, 826 P.2d 698 (no probable cause to arrest for "obstructing public servant," but search valid when officer "had objectively sufficient probable cause to believe" accused possessed controlled substance).

We find the rationale of these decisions persuasive. Probable cause is "determined by objective facts," not the "subjective opinion" of a police officer. Klinger, 409 F.2d at 304. Thus,

> an arrest not supported by probable cause is not made lawful by an officer's subjective belief that an offense has been committed. By the same token, [however,] an arrest supported by probable cause is not made unlawful by an officer's subjective reliance on . . . an offense different from the one for which probable cause exists.

Huff, 826 P.2d at 701. This "even-handed application" of the constitutional protection against unlawful arrest protects individual freedom with the shield of objective probable cause while at once "allow[ing] room for some mistakes by the arresting officer." Klinger, 409 F.2d at 304.

Here, defendant's offer to engage the officers in oral sodomy, a felony, was sufficient to establish probable cause for

-

solicitation in violation of Code § 18.2-29.  See Branche v. Commonwealth, 25 Va. App. 480, 490-91, 489 S.E.2d 692, 697 (1997). Thus, viewed objectively, police possessed sufficient probable cause to arrest defendant for solicitation without a warrant and undertake an incidental search.  The probable cause to support an arrest of defendant for the alternate offense otherwise armed the officers, acting in good faith, with the necessary justification to conduct the disputed arrest and search.[6]

Accordingly, the trial court correctly denied defendant's motion to suppress, and we affirm the conviction.

Affirmed.

---

[6] Defendant mistakenly relies upon Ford in support of her challenge to the instant arrest and search.  23 Va. App. 137, 474 S.E.2d 848.  In Ford, the police lacked probable cause to arrest defendant for another offense.

-