COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


SARAH ELIZABETH SCHOENFIELD, S/K/A
 SARAH ELIZABETH SCHOENFELD
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1861-99-2         JUDGE ROSEMARIE ANNUNZIATA
                                          MAY 23, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Thomas N. Nance, Judge

        Keith B. Marcus (Bremner, Janus, Cook &
        Marcus, on brief), for appellant.

        Shelly R. James, Assistant Attorney General
        (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Sarah Schoenfeld appeals from her conviction of driving

under the influence of alcohol, second offense.  She contends

the trial court erred in denying her motion to suppress evidence

because she was the subject of an illegal search and seizure.

We disagree and affirm.

                           FACTS

     Upon review of "a trial court's denial of a motion to

suppress, '[w]e view the evidence in a light most favorable to

. . . the prevailing party below, and we grant all reasonable

inferences fairly deducible from that evidence.'"  McNair v.

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Commonwealth, 31 Va. App. 76, 81-82, 521 S.E.2d 303, 306 (1999) (en banc) (quoting Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)).  At approximately 1:04 a.m. on March 31, 1999, Virginia Commonwealth University Police Officer Mindy Dunn was on duty patrolling the university's campus in the City of Richmond.  As she stood next to her parked police cruiser, she heard the sound of an engine racing and, looking in the direction of the sound, she saw Schoenfeld's car as it passed her position on Harrison Street.  The car appeared to be traveling well in excess of the posted 25 miles per hour speed limit, possibly as fast as fifty miles per hour.  Based on this observation, Dunn got into her police cruiser and followed Schoenfeld's car.  Dunn caught up to Schoenfeld when Schoenfeld stopped for a traffic signal on Harrison Street.  Dunn activated her emergency lights, signaling Schoenfeld to stop.

Dunn approached Schoenfeld's vehicle.  The driver's side window was down, and as soon as Dunn reached it she smelled an odor of alcohol.  Dunn asked Schoenfeld for her license and registration, and in response Schoenfeld handed Dunn a credit card instead of her registration card.  Based on her observation of Schoenfeld's speed, the odor of alcohol emanating from Schoenfeld, and Schoenfeld's mistake in handing over a credit card instead of her registration card, Dunn decided to administer field sobriety tests.  Due to Schoenfeld's

performance in the field sobriety tests, Dunn administered a breath test, which indicated a blood alcohol level of .16%. As a result, Schoenfeld was charged with speeding and with driving while intoxicated. Following the denial of Schoenfeld's motion to suppress evidence, Schoenfeld entered a conditional plea of guilty, which the trial court accepted. She was sentenced to sixty days in jail, with fifty-five suspended, and a fine of $300. Her driving privilege was also suspended for a period of three years. This appeal followed.

## ANALYSIS

When we review the denial of a defendant's motion to suppress, the appellant has the burden to prove that, when the evidence is considered in the light most favorable to the Commonwealth, the trial court's denial of the motion was error. See Golden v. Commonwealth, 30 Va. App. 618, 621, 519 S.E.2d 378, 379 (1999) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980)). "In our analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." McNair, 31 Va. App. at 82, 521 S.E.2d at 306 (internal quotation omitted). "However, we review de novo the trial court's application of defined legal standards such as . . . reasonable suspicion to the particular facts of the case." Logan v. Commonwealth, 29 Va. App. 353, 358-59, 512 S.E.2d 160,

- 3 -

162-63 (1999).  "[T]he Fourth Amendment requires only that an objectively reasonable basis exist for a search."  Id. at 359, 512 S.E.2d at 163.

"[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."  Parker v. Commonwealth, 255 Va. 96, 104, 496 S.E.2d 47, 51-52 (1998) (quoting Terry v. Ohio, 392 U.S. 1, 22 (1968)).  "In order to justify a Terry seizure, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."  Id. at 104, 496 S.E.2d at 52 (internal quotation omitted).  We have previously equated a traffic stop with a Terry stop.  See Stroud v. Commonwealth, 6 Va. App. 633, 637, 370 S.E.2d 721, 723 (1988) (citing Berkemer v. McCarty, 468 U.S. 420, 439-40 (1984)).

> [I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information. . . . In determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity, a court may consider the totality of circumstances. This test is less stringent than probable cause.

Parker, 255 Va. at 104, 496 S.E.2d at 52 (internal citations omitted).

Schoenfeld contends that her detention by Dunn was improper because Dunn admitted that, at the time she decided to stop Schoenfeld, she had not decided whether she would cite her for a speeding violation, and was primarily interested in determining whether Schoenfeld was "safe to drive."  However, an officer's subjective intent in making a traffic stop is irrelevant in determining a Fourth Amendment violation; "[p]olice actions are to be tested under a standard of reasonableness without regard to the underlying intent or motivation of the officers involved."  Limonja v. Commonwealth, 8 Va. App. 532, 537-38, 383 S.E.2d 476, 480 (1989); see Logan, 29 Va. App. at 359, 512 S.E.2d at 163 ("[T]hat the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as along as [all] the circumstances, viewed objectively, justify that action.").

Officer Dunn identified reasonable, articulable grounds for her suspicion that Schoenfeld was violating the law.  She observed Schoenfeld driving at a speed greatly in excess of the posted speed limit, giving her reasonable suspicion, and indeed probable cause, to issue a citation for speeding.  Accordingly,

- 5 -

the trial court committed no error in denying Schoenfeld's motion to suppress evidence, and we affirm the court's decision.

<u>Affirmed</u>.