# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Tony Jerome May, Jr.

December 19, 2003

Case No. (Criminal) 15456

BY JUDGE JAMES H. CHAMBLIN

On October 1, 2003, the Defendant, Tony Jerome May, filed a Motion to Set Aside Guilty Verdict. The motion was taken under advisement on November 25, 2003. After consideration of the oral argument of counsel, the transcript of the testimony at the jury trial on September 10, 2003, the Memorandum in Support of the Defendant's Motion to Set Aside Guilty Verdict, and the Commonwealth's Response to Defendant's Motion to Set Aside Guilty Verdict, the motion is denied.

On September 10, 2003, a jury found the Defendant guilty of grand larceny, disarming a law enforcement officer, assault and battery of a law enforcement officer, and obstruction of justice. The jury fixed his punishment at three years for assault and battery of a law enforcement officer and twelve months on each of the other three offenses.

In his motion, the Defendant contends that Deputy Kim Holway did not have probable cause to arrest him without a warrant. Specifically, he argues that the Defendant committed no crime in the Deputy's presence and that the Deputy had no probable cause to suspect that he had committed a felony not in the Deputy's presence. Relying on Va. Code § 19.2-81, the Defendant asserts that the Deputy had no authority to arrest him. I do not agree with the Defendant. Deputy Holway may not have had probable cause to suspect that

the Defendant had committed a felony, but the Defendant did commit misdemeanor in her presence.

The trial testimony of Lorraine S. Halsey, the victim of the grand larceny, and Deputy Holway show the following. Ms. Halsey approached Deputy Holway at the Safeway in Sterling shortly after she discovered that her purse had been taken out of a shopping cart. She told Deputy Holway that her purse had been stolen and described two individuals that she suspected of taking the purse. Deputy Holway recognized the descriptions based on prior contacts with these individuals. As such, the Deputy had an idea where she could find the two individuals.

Deputy Holway immediately left the Safeway and drove to an area where she thought she could find the suspects. She saw both of them sitting on a bench in a park area. As she drove up, both individuals looked at her, and she recognized them as fitting the descriptions given by Ms. Halsey. Before getting out of her vehicle, Deputy Holway saw the Defendant set a purse on the ground between him and the other suspect.

Deputy Holway got out of her vehicle and approached the Defendant and the other suspect. The Deputy came around in front of them. She observed a white skullcap containing change lying on the bench between the Defendant and the other suspect. She asked about the purse. The Defendant said that they found the purse. When the Deputy asked where they found it, the Defendant just said, "over there." Then the Defendant stood up. The Deputy told him to sit down and that he was not free to go. Thereupon the Defendant fled, was pursued by Deputy Holway, and the other offenses were committed.

I will assume (as I think counsel agree) without deciding that the Defendant was arrested when Deputy Holway told him he was not free to go.

The Defendant argues that his arrest was illegal because Deputy Holway did not have probable cause to arrest him for the felony of grand larceny for which he was subsequently charged. The Defendant misses the point. The inquiry is not whether Deputy Holway had probable cause to arrest the Defendant for the charge ultimately lodged against him or whether Deputy Holway had probable cause to arrest the Defendant for the offense she thought he had committed. The correct inquiry is whether, based on an objective standard, the Deputy had sufficient information to support probable cause for an arrest for a crime. See *Golden v. Commonwealth*, 30 Va. App. 618, 623-25 (1999).

Larceny is a continuing offense. *Thompson v. Commonwealth*, 10 Va. App. 117, 120 (1990). Because the Deputy had no information that the purse had been recovered, she had reason to believe that the asportation of the stolen purse continued. The Deputy had reason to believe that the purse she saw near

the Defendant was the one that the victim related to her as being stolen. The purse has some value; therefore, it is the subject of, at least, petit larceny (having a value of less than $200.00).

For the foregoing reasons, Deputy Holway had probable cause to believe that the Defendant committed the crime of petit larceny in her presence. Under Va. Code § 19.2-81, the Deputy, therefore, had the authority to arrest the Defendant.