COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


JAMIE SHANNON GREGORY

MEMORANDUM OPINION[*] BY
v.      Record No. 3030-02-3      JUDGE D. ARTHUR KELSEY
APRIL 13, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Henry G. Crider (Crider Law Office, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


At trial, Jamie Shannon Gregory entered a conditional guilty plea to a charge of felony

DUI under Code §§ 18.2-266 and 18.2-270(C) (third offense within ten years).  The conditional

plea preserved appellate review of the trial court's denial of Gregory's motion to suppress.  That

motion asserted two grounds:  "The lengthy detention and ultimate arrest of the defendant

violated both the defendant's Fourth Amendment right against unreasonable search and seizure,

and Va. Code Ann. § 19.2-81, which prohibits warrantless arrest[s] for misdemeanors committed

outside the officers' presence."

On appeal, however, Gregory limits his argument to the Fourth Amendment issue.  The

question presented on appeal reads:  "Did the trial court err by overruling Appellant's motion to

suppress, in violation of Appellant's rights under the Fourth Amendment of the United States

Constitution."  This self-imposed narrowing of the issues is not without consequences.  "Only

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

questions presented in the petition for appeal will be noticed by the Court of Appeals." Megel v. Commonwealth, 37 Va. App. 676, 679, 561 S.E.2d 21, 22 (2002) (quoting Rule 5A:12(c)); see also Clements v. Riverside Walter Reed Hosp., 40 Va. App. 214, 228 n.9, 578 S.E.2d 814, 820 n.9 (2003); Alexander v. Commonwealth, 28 Va. App. 771, 776, 508 S.E.2d 912, 914, aff'd, 30 Va. App. 152, 515 S.E.2d 808 (1999) (en banc); Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991). We thus limit our analysis to Gregory's Fourth Amendment challenge.

Within these parameters, we find nothing in this record suggesting a violation of the Fourth Amendment during Gregory's investigatory detention and later arrest.[1] The evidence at the suppression hearing and at trial proved that a volunteer firefighter called 911 with a contemporaneous, eyewitness report identifying himself and stating that he had just seen a vehicle driving "erratically all over the road" and that it "almost lost control" while traveling through an intersection. The out-of-control vehicle — which the firefighter identified by make, model, and license plate number — nearly collided with the firefighter's car when the vehicle's driver disregarded a stop sign and sped through an intersection at 60 to 65 mph. The driver was a white male, the firefighter stated.

A police officer caught up with the firefighter and confirmed in person the information that the dispatcher had passed on. The firefighter also told the officer that the vehicle had stopped in a nearby parking lot. The officer stopped the vehicle as it attempted to exit the parking lot. There were two individuals inside: a female in the driver's seat and a white male,

---

[1] This focus renders irrelevant Gregory's argument that the officer violated the common law misdemeanor-presence rule codified in Code § 19.2-81. "There is no constitutional violation where state police officers make warrantless arrests for misdemeanors not committed in their presence." Penn v. Commonwealth, 13 Va. App. 399, 407, 412 S.E.2d 189, 193 (1991), aff'd, 244 Va. 218, 420 S.E.2d 713 (1992) (per curiam); see also Vinson v. Commonwealth, 258 Va. 459, 469, 522 S.E.2d 170, 177 (1999).

Gregory, in the passenger's seat. Two open beer containers were in cup holders between them. Gregory's speech was slurred, his eyes blood shot, and he had a strong odor of alcohol. The officer brought the firefighter over to the car to identify who had been driving during his observations of the vehicle. Gregory had been the driver, the firefighter stated. When the officer questioned the female about when she got behind the wheel, she "changed her story a couple of times."

The investigating officer called his dispatcher and asked for Gregory's driving record. Dispatch reported that Gregory had a suspended license and two prior DUI convictions. The officer then arrested Gregory and administered an alcohol breath test, which measured his blood alcohol content at .12%. The officer escorted Gregory to a local magistrate who issued a felony DUI warrant of arrest.

Under the Fourth Amendment, a police officer may stop an automobile upon a reasonable, articulable suspicion that the driver has violated traffic laws, the automobile is unregistered, or that the "vehicle or an occupant is otherwise subject to seizure for violation of the law." Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000) (citations omitted). Actual proof that "criminal activity is afoot is not necessary" — the investigating officer need only have reason to believe that it "may be afoot." Harmon v. Commonwealth, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992); see also United States v. Arvizu, 534 U.S. 266, 273 (2002); Hamlin v. Commonwealth, 33 Va. App. 494, 501, 534 S.E.2d 363, 366 (2000). Though an officer's reliance on a mere hunch cannot justify a stop, "the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." Arvizu, 534 U.S. at 274.

A custodial arrest requires probable cause. "Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable

trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense had been or is being committed." Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (citations omitted). "Probable cause relies on a 'flexible, common-sense standard' — one that does not 'demand any showing that such a belief be correct or more likely true than false.'" Id. (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). This standard "turns only on 'objective facts,' not the 'subjective opinion' of a police officer." Id. at 109, 582 S.E.2d at 451 (quoting Golden v. Commonwealth, 30 Va. App. 618, 625, 519 S.E.2d 378, 381 (1999) (citations omitted)).

Applying these standards to this case, we find no Fourth Amendment infirmities in the investigatory detention of Gregory or in his later arrest. The officer made the traffic stop based on the firefighter's eyewitness account of Gregory's dangerous and potentially lethal driving. The duration of the detention was reasonable under the circumstances. And, after conducting his investigation, the officer had ample reason to believe Gregory had committed felony DUI, reckless driving, and driving on a suspended license. It matters not, for Fourth Amendment purposes, which charge the officer chose to pursue.[2] Reasonable suspicion ripened into probable cause, warranting both Gregory's detention and ultimate arrest.

Having answered Gregory's question presented, we affirm his conviction.

Affirmed.

---

[2] "The absence of probable cause to believe a suspect committed the particular crime for which he was arrested does not necessarily invalidate the arrest if the officer possessed sufficient objective information to support an arrest on a different charge." Slayton, 41 Va. App. at 109, 582 S.E.2d at 452 (citing Golden, 30 Va. App. at 625, 519 S.E.2d at 381; McGuire v. Commonwealth, 31 Va. App. 584, 596-97, 525 S.E.2d 43, 49 (2000)).

- 4 -