COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


MOSES THOMAS, JR.

                                          MEMORANDUM OPINION[*] BY
v.      Record No. 0084-09-2               JUDGE WILLIAM G. PETTY
                                               MARCH 30, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                        W. Allan Sharrett, Judge

        Michael W. Lee for appellant.

        Donald E. Jeffrey, III, Senior Assistant Attorney General (William C.
        Mims, Attorney General, on brief), for appellee.


        Appellant, Moses Thomas, Jr., was convicted of possessing cocaine in violation of Code

§ 18.2-250.  On appeal, Thomas challenges only the trial court's denial of his pretrial motion to

suppress.[1]  Because we find that the trial court did not err, we affirm Thomas' conviction.

                                          I.

        "On appeal from a denial of a motion to suppress, we must review the evidence in the light

most favorable to the Commonwealth, giving it the benefit of any reasonable inferences."  Barkley

v. Commonwealth, 39 Va. App. 682, 687, 576 S.E.2d 234, 236 (2003).

        Officer Mike Parcio, an officer with the Hopewell Police Department, responded to a

general disturbance call at a residence in Hopewell.  When he arrived, he could hear "loud yelling

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Thomas includes due process and search incident to incarceration arguments in his
brief.  However, these arguments were neither raised at trial nor contemplated within Thomas'
question presented.  Hence, we do not address them.  See Rules 5A:12(c) and 5A:18.

and screaming" from inside the residence. The occupants of the house saw the officer arrive, opened the door, and began yelling at the officer to "get him out of here"— referring to appellant. Because the scene inside the residence was "chaotic," Officer Parcio asked Thomas to step outside to talk to him. Thomas complied.

When Officer Parcio and Thomas were outside on the porch, the officer could "smell a strong odor of alcoholic beverage coming from" him and noted that Thomas' "eyes were glassy and red. His speech was slurred." Thomas would not answer any of the officer's questions regarding the situation in the residence, and eventually became "very frustrated." Thomas told the officer "I'm not answering any more of your questions and tried to push his way past [the officer] to get back in the residence" by "shouldering" into him. At that point, Officer Parcio arrested Thomas for being drunk in public. Officer Parcio explained that he believed Thomas was "aggressive" and was concerned that, if Thomas reentered the house, he could "cause harm to somebody."

Officer Parcio placed Thomas in handcuffs, performed a brief search incident to the arrest, and transported Thomas to Riverside Jail in his patrol car. After arriving at the jail, Officer Parcio obtained a warrant for Thomas' arrest and then Thomas was admitted into jail. As part of that process, the jail personnel searched Thomas, who was wearing several layers of clothing. During that process, Thomas reached into his clothing, pulled out a "glass smoking device, threw it on to the floor of the booking area, and started stomping on it with his foot." Officer Parcio collected the remnants of the smoking device and submitted them for testing; they tested positive for cocaine residue.

Thomas moved to suppress the cocaine evidence prior to his trial, arguing that the officer lacked probable cause to arrest him for public intoxication. Although the trial court agreed with Thomas that the officer supplied the "in public" portion of the charge by asking Thomas to come

outside, and therefore did not have probable cause to arrest him for public intoxication, the court held that the officer did have probable cause to arrest Thomas for obstruction of justice.[2] Accordingly, the trial court refused to suppress the cocaine evidence. Following a bench trial, the court convicted Thomas. This appeal followed.

II.

Under settled principles, we address the legal issues arising from a suppression motion "only after the relevant historical facts have been established." Raab v. Commonwealth, 50 Va. App. 577, 579, 652 S.E.2d 144, 146 (2007) (*en banc*) (quoting Logan v. Commonwealth, 47 Va. App. 168, 171, 622 S.E.2d 771, 772 (2005) (*en banc*)). On appeal, the facts developed in the trial court must be reviewed "in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Glenn v. Commonwealth, 49 Va. App. 413, 416, 642 S.E.2d 282, 283 (2007) (*en banc*) (citation omitted), aff'd, 275 Va. 123, 654 S.E.2d 910 (2008). We review the entire record, including the suppression hearing and the trial, to determine whether the evidence was lawfully seized. DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987).

Thomas argues that, because the officer lacked probable cause to arrest him for public intoxication, the arrest was illegal. Therefore, Thomas reasons, the evidence seized from him following his arrest was obtained in violation of the Fourth Amendment. It is true that "a warrantless arrest that is not based upon probable cause is unconstitutional and evidence seized

---

[2] We note that the evidence at issue here was not discovered by Officer Parcio during the search incident to Thomas' arrest. Instead, jail personnel found the crack pipe during a routine search conducted after an arrest warrant had been issued, but prior to Thomas' admission to jail. Such an administrative search does not require probable cause. See Marrero v. Commonwealth, 222 Va. 754, 757, 284 S.E.2d 809, 811 (1981). We need not address whether these facts would justify the denial of the motion to suppress because the Commonwealth did not make this argument below. Whitehead v. Commonwealth, 278 Va. 105, 114-15, 677 S.E.2d 265, 270 (2009).

as a result of an unconstitutional arrest is inadmissible, without regard to the officer's good faith and reasonable belief that he was not factually or legally mistaken." Ford v. City of Newport News, 23 Va. App. 137, 145, 474 S.E.2d 848, 852 (1996).  However, the probable cause necessary to justify the arrest, and the subsequent search, "is measured against an objective standard." Taylor v. Commonwealth, 10 Va. App. 260, 266, 391 S.E.2d 592, 595-96 (1990) (citations omitted).

Courts must review the objective facts upon which the arresting officer based his decision to arrest in order to determine whether those facts were "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense had been or is being committed." Purdie v. Commonwealth, 36 Va. App. 178, 185, 549 S.E.2d 33, 37 (2001).  In doing so, we do not rely upon the police officer's subjective belief as to whether the defendant was committing a particular crime.  Instead, we view the trial court's factual findings to determine whether they support probable cause to believe criminal activity of any sort was occurring.  Thus, "'an arrest supported by probable cause [related to one offense] is not made unlawful by an officer's subjective reliance on, or verbal announcement of, an offense different from the one for which probable cause exists.'" Golden v. Commonwealth, 30 Va. App. 618, 624, 519 S.E.2d 378, 381 (1999) (quoting State v. Huff, 826 P.2d 698, 701 (Wash. App. 1992)); see also Whren v. United States, 517 U.S. 806, 813 (1996) ("[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.").

Here, the trial court accepted Thomas' argument that no probable cause existed for an arrest for public intoxication.  However, the court did determine that there was probable cause for an arrest for obstruction of justice.  According to Code § 18.2-460, in pertinent part, a person

is guilty of obstruction of justice when he "knowingly obstructs . . . any law-enforcement officer . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer" or when he "by threats or force, knowingly attempts to intimidate or impede . . . any law-enforcement officer . . . lawfully engaged in his duties . . . ." An individual "obstructs" a law-enforcement officer when he acts in a way that "clearly indicat[es] an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action . . . . It means to obstruct the officer himself . . . ." Jones v. Commonwealth, 141 Va. 471, 478, 126 S.E. 74, 77 (1925).

Officer Parcio testified that Thomas became agitated and aggressive, and attempted to force his way past the officer by "shouldering" into him in an attempt reenter the house. By doing so, Thomas impeded Officer Parcio's ability to separate the parties and conduct an investigation. These acts were sufficient to give rise to a reasonable belief that Thomas obstructed Officer Parcio in the execution of his law enforcement duties.[3] Accordingly, there was probable cause to support an arrest for obstruction of justice. Because a warrantless arrest, which is supported by probable cause "is a reasonable intrusion under the Fourth Amendment . . . a search incident to that arrest requires no additional justification." United States v. Robinson, 414 U.S. 218, 235 (1973). Thus, the subsequent search did not offend the protections of the Fourth Amendment.

---

[3] Thomas argues that the evidence is insufficient to prove that he committed the offense of obstruction of justice. He reasons that, therefore, the same evidence could not provide adequate probable cause for his arrest. However, that is not the issue in this case. "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. And this means less than evidence which would justify condemnation or conviction." Brinegar v. United States, 338 U.S. 160, 175 (1949). Simply put, the Fourth Amendment does not place upon arresting officers the burden of proof beyond a reasonable doubt before they may make an arrest.

III.

Accordingly, we affirm Thomas' conviction.

Affirmed.