COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and Alston
Argued by teleconference

DIAIRION MARQUI DAVIS

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0545-09-3                       JUDGE WILLIAM G. PETTY
                                                         MAY 18, 2010

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                            David A. Melesco, Judge

            Joseph H. M. Schenk, Jr. (Office of the Pubic Defender, on brief), for
            appellant.

            Susan M. Harris, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Following a bench trial, the appellant, Diairion Marqui Davis, was convicted of one count

of assault and battery of a law enforcement officer in violation of Code § 18.2-57(C).  Davis

contends that the trial court erred when it refused to accept his self-defense argument.  For the

following reasons, we reject Davis' argument and affirm his conviction.

                                            I.

        On appeal, Davis challenges his conviction for assaulting Corporal Richardson.  Davis

contends that his conduct was a reasonable use of force designed to protect him from an arrest

unsupported by probable cause, and argues that the trial court erred when it rejected this

argument after the trial court concluded that there was no basis for the officers to charge him

with disorderly conduct.  For the reasons explained below, we disagree with Davis and affirm his

conviction.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In accord with well-settled appellate principles, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of these narrow questions presented on appeal.

The "lawfulness of an arrest and the reasonableness of force used to resist an arrest present mixed questions of law and fact and are reviewed *de novo*." Smith v. Commonwealth, 30 Va. App. 737, 740, 519 S.E.2d 831, 832 (1999).

Code § 18.2-57(C) states, in pertinent part:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . engaged in the performance of his public duties, such person is guilty of a Class 6 felony . . . .

A defendant violates Code § 18.2-57(C) by "committing an assault and battery knowing or having reason to know that the victim is a law enforcement officer." Montague v. Commonwealth, 278 Va. 532, 540, 684 S.E.2d 583, 588 (2009). On appeal, Davis does not challenge the sufficiency of the evidence. Davis' only argument is that his conduct was a reasonable use of force designed to protect him from an unlawful arrest because the officers lacked probable cause to arrest him for disorderly conduct.[1]

---

[1] Davis premises his argument on the following statement of the trial court at Davis' trial on the merits: "I don't believe they had a reason to arrest him [for disorderly conduct]." Whether a given set of facts constitutes probable cause to arrest is a legal issue that we generally review *de novo*. Brown v. Commonwealth, 270 Va. 414, 620 S.E.2d 760 (2005). However, for the purposes of this opinion only we will assume that the trial court was correct.

On August 4, 2008, Officer Harry Torres of the Danville Police Department patrolled the area of North Main and Campbell Street. At approximately 11:00 p.m., Officer Torres noticed three men walking in the middle of Campbell Street loudly screaming and cursing. Officer Torres temporarily parked his vehicle at a nearby church and called for assistance from Corporal Richardson, who was also with the Danville Police Department.

When Corporal Richardson arrived, he observed Davis "point[ing], wav[ing] his arms, screaming, yelling, cursing" and generally acting "out of control." The officers warned Davis that they would arrest him for disorderly conduct if he did not immediately calm down. When Davis persisted, Officer Torres handcuffed Davis and walked him to his police vehicle. Davis hit Officer Torres with his shoulder and ran away, but Davis lost his balance while running and Officer Torres regained control over Davis. When Corporal Richardson stepped in to assist Officer Torres, Davis forcefully struck Corporal Richardson in the lower region of the face and mouth with his forehead, which caused Corporal Richardson immediate pain and bruising. As a result, the officers charged Davis with several offenses, including assaulting a police officer, disorderly conduct, and public intoxication.

Even assuming without deciding that the police did not have reason to arrest Davis for disorderly conduct, Davis' argument is without merit. In addition to being arrested for disorderly conduct on the night in question, the police arrested Davis for public intoxication in violation of Code § 18.2-388. According to Code § 18.2-388, an individual commits a Class 4 misdemeanor if he "is intoxicated in public." The record in this case establishes that Davis never disputed that probable cause supported his arrest for public intoxication, and he was convicted of public intoxication in the general district court based on the events of August 4, 2008. Davis did not challenge that conviction on appeal or during his trial at the circuit court.

Despite these facts, Davis contends that he had the right to resist, with physical force, an arrest he apparently considered to be unlawful at the moment of arrest. In other words, because the officers told Davis that he was being arrested for disorderly conduct, and he apparently knew, at the moment of his arrest, that the officers did not have probable cause for that particular offense, he was entitled to head butt Officer Richardson. This position is, however, contrary to settled law. "Probable cause . . . turns on 'objective facts, not the subjective opinion of a police officer.'" Slayton v. Commonwealth, 41 Va. App. 101, 109, 582 S.E.2d 448, 451 (2003) (quoting Golden v. Commonwealth, 30 Va. App. 618, 625, 519 S.E.2d 378, 381 (1999)). Thus, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Whren v. United States, 517 U.S. 806, 813 (1996) (citations omitted).

Therefore, to determine whether an arrest was valid, courts must determine whether the facts, viewed objectively, were "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Purdie v. Commonwealth, 36 Va. App. 178, 185, 549 S.E.2d 33, 37 (2001). In doing so, we do not rely upon the police officer's subjective belief as to whether the defendant was committing a particular crime. Instead, we view the trial court's factual findings to determine whether they support probable cause to believe criminal activity of any sort was occurring. Thus, "'an arrest supported by probable cause [related to one offense] is not made unlawful by an officer's subjective reliance on, or verbal announcement of, an offense different from the one for which probable cause exists.'" Golden, 30 Va. App. at 624, 519 S.E.2d at 381 (quoting State v. Huff, 826 P.2d 698, 701 (Wash. App. 1992)).

Using this test, it does not matter whether the police had probable cause to arrest Davis for disorderly conduct. The undisputed fact that they had probable cause to arrest him for public intoxication is enough to support his arrest. Thus, the officers were acting properly when they arrested Davis, and he, accordingly, had no legal justification for head butting a law enforcement officer who was carrying out his lawful duties.

## II.

For the foregoing reasons, we affirm Davis' conviction.

Affirmed.