ry duty is the underlying tortious act, and thus that summary judgment should not have been granted in defendants' favor.

 Appellees respond that "Griva failed to allege or offer any evidence of two essential elements of the cause of action, agreement and actual injury." We agree that Griva has not successfully alleged a civil conspiracy. Griva does not allege any agreement, and she does not claim actual damages; she merely seeks nominal damages of $1. The trial court, therefore, correctly entered summary judgment on claim two in appellees' favor.

## V.

*So Ordered.*

Brian C. Plitt, Washington, DC, appointed by this court, for appellant.

Phillip A. Lattimore, III, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the brief, for appellee.

Before TERRY, FARRELL, and SULLIVAN, Associate Judges.

TERRY, Associate Judge:

After his motion to suppress evidence was denied, appellant, a juvenile, entered a plea of guilty to a charge of possession of cocaine, in violation of D.C.Code § 33–541(d) (1988). On appeal he contends that his motion to suppress should have been granted because the police arrested him without probable cause. We affirm.[1]

### In re J.D.R., Appellant.

### No. 92–FS–96.

District of Columbia Court of Appeals.

Argued Jan. 6, 1994.

Decided Feb. 28, 1994.

I

"In reviewing a trial court order denying a motion to suppress, the facts and all reason-

---

1. There is no counterpart in the Superior Court Juvenile Rules to Rule 11(a)(2) of the Criminal Rules, which allows the court to accept a conditional plea of guilty. Absent such a rule, it does not appear that a conditional plea is permissible in juvenile proceedings. Thus we seriously doubt whether appellant's challenge to the denial of his motion to suppress may even be raised on this appeal, for there is strong precedent to the effect that "as a practical matter virtually every

possible avenue of appeal is waived by a guilty plea." *Bettis v. United States,* 325 A.2d 190, 194 (D.C.1974) (footnote omitted); *see United States v. Fitzgerald,* 151 U.S.App.D.C. 206, 208, 466 F.2d 377, 379 (1972) ("a voluntary plea of guilty waives all rights and defenses, known or unknown, present or future" (citations omitted)). However, we need not conclusively decide the point here, since we reject appellant's claim of error on the merits.

able inferences therefrom must be viewed in favor of sustaining the trial court ruling." *Peay v. United States,* 597 A.2d 1318, 1320 (D.C.1991) (en banc) (citations omitted). Viewed under the *Peay* standard, the evidence in this case showed that four police officers saw a car driving without headlights at 2:40 a.m. in an area known for high drug trafficking. They followed the car and pulled it over,[2] and two of the four officers approached it while the other two waited in the police car. Appellant, with a cast on his left arm as a result of an injury, was sitting in the front passenger seat of the stopped car. Officer Gerard Burke, approaching from the passenger side, noticed the corner of a small ziplock bag sticking out from inside appellant's cast. When the officer shined his flashlight on appellant's hand, however, appellant curled up his fingers so that the ziplock bag was hidden. Knowing that ziplock bags are commonly used as containers of illicit drugs,[3] Burke ordered appellant out of the car and told him to open his hand. When he said that he could not (even though the officer had seen him with his fingers uncurled), Officer Burke pried appellant's fingers open "a little" and again saw the corner of the ziplock bag sticking out from under the cast. Burke seized the bag, which contained two rocks of crack cocaine, and placed appellant under arrest. A further search yielded another ziplock bag containing another rock of crack cocaine, which was concealed more deeply inside the cast on appellant's arm.[4]

Appellant and the driver of the car, John Brown, both testified, and their testimony contradicted that of Officer Burke in several respects. In particular, appellant denied that he ever had a ziplock bag in his hand and insisted that he had only one bag in his possession, the one that was stuffed deep inside his cast. He said he did not know where the other bag had come from.

The trial judge expressly credited Officer Burke's testimony and rejected that of appellant and Brown. She found it reasonable for Burke to conclude, on the basis of what he saw, that appellant was concealing drugs inside his cast. She therefore denied the motion to suppress, citing *Price v. United States,* 429 A.2d 514 (D.C.1981), in which a finding of probable cause was based on the officer's sighting of a small manila envelope which he recognized as a commonly used container for illicit drugs.

## II

In challenging the trial court's ruling, appellant maintains that even if Officer Burke's testimony is credited in full, he saw so little of the bag sticking out from under the cast that he could not reasonably have concluded that appellant was in possession of any drugs. He points out that in *Price,* for example, the officer saw the entire container, whereas in the case at bar the officer saw only a small portion of the container. We reject his argument.

For our purposes it does not matter whether the officer saw a tenth of an inch or several inches of plastic sticking out from under the cast. What counts is the fact, made clear by the officer's testimony, that he saw enough of the plastic object—"the corner [and] the seam that you open and close on the ziplock"—to recognize it as a ziplock bag. Putting that fact together with his knowledge, based on personal experience, that such bags were commonly used as drug containers, the officer concluded that appellant was concealing an illicit drug inside his cast. The court held that this conclusion was reasonable, and we cannot disagree, especially when we apply the *Peay* standard of review. *See Price v. United States, supra; Munn v. United States,* 283 A.2d 28 (D.C.1971) (officer had probable cause to arrest based on seeing in defendant's hand several tinfoil packets, which he recognized from experience as com-

---

2. Appellant does not challenge the stop of the car, nor can he. *See, e.g., Marbury v. United States,* 540 A.2d 114 (D.C.1985) (sustaining stop of car driving at night without headlights).

3. Officer Burke, who had taken part in almost 100 drug arrests, testified that he found drugs in

ziplock bags "all the time ... that's the most common way they package drugs."

4. Appellant pleaded guilty to possessing only this second bag of cocaine.

monly-used containers for narcotics); *United States v. Prandy–Binett,* 302 U.S.App.D.C. 1, 995 F.2d 1069 (1993) (probable cause based on officer's sighting of brick-shaped package distinctively wrapped in duct tape). Like the court in *Prandy–Binett,* the trial court here was entitled to rely "upon the demonstrated expertise of police officers in recognizing distinctive packaging used in the drug trade for smaller quantities," especially when there was evidence "describing the arresting officer's experience with the particular packaging." *Id.* at 5, 995 F.2d at 1073 (citing cases involving several different types of packaging).

The judgment from which this appeal is taken is accordingly

*Affirmed.*