COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Kelsey and McClanahan
Argued at Salem, Virginia

CARLOS TYRONE POWELL

                                                            OPINION BY
v.        Record No. 1708-09-3                     JUDGE D. ARTHUR KELSEY
                                                          NOVEMBER 30, 2010

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

J. Patterson Rogers, 3rd, for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court convicted Carlos Tyrone Powell of possession of cocaine, possession of a firearm while possessing cocaine, possession of a concealed weapon, and possession of marijuana. Powell argues on appeal the court should have suppressed the evidence of his guilt because it was obtained during an unlawful search and seizure. We disagree and affirm.

I.

When reviewing a denial of a suppression motion, we review the evidence "in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Glenn v. Commonwealth, 49 Va. App. 413, 416, 642 S.E.2d 282, 283 (2007) (*en banc*) (citation omitted), aff'd, 275 Va. 123, 654 S.E.2d 910 (2008). This standard requires us to "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Malbrough v. Commonwealth, 275 Va. 163, 169, 655 S.E.2d 1, 3 (2008) (citation omitted). In doing so, we "consider facts presented both at the suppression hearing and at trial." Testa v. Commonwealth, 55 Va. App. 275, 279, 685 S.E.2d 213, 215 (2009) (citation omitted).

One evening in 2008, a police officer with the Danville Police Department conducted surveillance of a suspected drug distribution hub at a home on Twin Oaks Lane in Danville. At the time, the officer had eleven years of law enforcement experience and had conducted over fifty investigations involving crack cocaine. The officer testified the home was a known "drug house" and he had received "numerous intelligence" reports that drug sales were ongoing. The officer had also participated in three prior warrant searches of the home for distribution of cocaine. Cocaine was seized during two of those searches.

Powell drove a vehicle out of the driveway of the drug house, almost hitting the officer's unmarked vehicle in the process, and sped away. The officer followed. Powell exceeded eighty miles per hour, apparently unaware an unmarked police car was following him.

Powell pulled over to the side of the road in an area near some dumpsters. About ten seconds later, another vehicle pulled alongside Powell's. Both open driver-side windows faced each other. Watching through binoculars, the officer saw Powell and the driver of the other vehicle engage in a hand-to-hand transaction. The officer testified he saw Powell give the other driver a small item that the officer, based upon his training and experience, believed to be consistent with "a dime or twenty rock" of cocaine.

Immediately afterwards Powell made a "wiping motion with his thumb across the other fingers" that the officer interpreted to be an effort to wipe off "the crumbs of crack cocaine which is a real tacky." The other vehicle left. The officer testified the two vehicles were adjacent to each other for thirty seconds "at the most."

With the assistance of a marked patrol car, the officer stopped Powell's vehicle just moments after he left the dumpster area. The officer arrested Powell and searched both his person and his vehicle. On Powell, the officer found marijuana and $478 in cash. In Powell's

vehicle, the officer found a .45 caliber handgun, a bag of crack cocaine, a digital scale, and smaller plastic baggies used for packaging. Powell was the only occupant of the vehicle.

Prior to trial, Powell moved to suppress this incriminating evidence arguing the officer lacked probable cause to arrest him and search the vehicle. The trial court denied the motion, conducted a bench trial, and found Powell guilty on all charges.

II.

On appeal, Powell asserts the officer did not have probable cause to arrest or search him. Powell also claims the officer unlawfully searched his vehicle. We disagree with both assertions.

As we recently observed, the "very phrase 'probable cause' confirms that the Fourth Amendment does not demand all possible precision." Joyce v. Commonwealth, 56 Va. App. 646, 658, 696 S.E.2d 237, 243 (2010) (quoting Herring v. United States, 129 S. Ct. 695, 699 (2009)). Courts employ a "common sense approach" not a "hypertechnical, rigid, and legalistic analysis" when reviewing probable cause determinations. Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991). The standard is not calibrated to "deal with hard certainties, but with probabilities." Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (citation omitted). Nor does it "demand any showing that such a belief be correct or more likely true than false." Joyce, 56 Va. App. at 659, 696 S.E.2d at 243 (quoting Slayton, 41 Va. App. at 106, 582 S.E.2d at 450).

Consequently, "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision." Maryland v. Pringle, 540 U.S. 366, 371 (2003) (citation and internal brackets omitted). Not even a "prima facie showing" of criminality is required. Joyce, 56 Va. App. at 659, 696 S.E.2d at 243 (quoting Illinois v. Gates, 462 U.S. 213, 235 (1983)). Instead, probable cause "requires *only* a probability or substantial chance of criminal activity, not an actual

showing of such activity." <u>Gates</u>, 462 U.S. at 243 n.13 (emphasis added). "The Constitution," after all, "does not guarantee that only the guilty will be arrested." <u>Joyce</u>, 56 Va. App. at 659, 696 S.E.2d at 243 (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 145 (1979)).

"The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. And this means less than evidence which would justify condemnation or conviction." <u>Id.</u> (quoting <u>Slayton</u>, 41 Va. App. at 107, 582 S.E.2d at 451). "In other words, even though probable cause means more than a 'mere suspicion,' it is not necessary for the facts to be 'sufficient to convict' the accused of the offense." <u>Id.</u> at 660, 696 S.E.2d at 243. "Unlike a factfinder at trial," therefore, "reasonable law officers need not resolve every doubt about a suspect's guilt before probable cause is established." <u>Id.</u> (internal quotation marks omitted).

Consistent with these principles, probable cause supported the officer's decision to arrest Powell for a suspected drug offense. Powell left a known "drug house" — where the officer had previously conducted multiple warrant searches yielding drugs, and where "numerous intelligence" reports had confirmed ongoing drug activity — and raced to an obviously prearranged meeting with another vehicle on the side of the road by a dumpster.

Powell and the driver of the other vehicle engaged in a hand-to-hand transaction which the officer believed to be consistent with "a dime or twenty rock" of cocaine. The officer then saw Powell make a "wiping motion with his thumb across the other fingers" that the officer interpreted as an effort to wipe off "the crumbs of crack cocaine which is a real tacky." The vehicles were together no more than thirty seconds. In their totality, these facts demonstrate the officer had probable cause to believe he had just witnessed a drug transaction, and thus, had the authority to arrest Powell and search him incident to that arrest.

Powell argues <u>Ross v. Commonwealth</u>, 35 Va. App. 103, 542 S.E.2d 819 (2001), precludes a finding of probable cause under the circumstances of this case. We disagree. In

Ross, a deputy sheriff saw what he believed to be a hand-to-hand drug transaction in a high-crime area.  He did not observe the drugs directly, but saw what appeared to be an exchange of money for an unknown item in a plastic bag.  We held the officer *had* probable cause to arrest and search Ross because the exchange took place in a high-crime area, the encounter was very brief, and money and plastic bags (with items in them) are often exchanged during drug transactions.  Id. at 107-08, 542 S.E.2d at 821.

"Standing alone," Ross explained, the mere exchange of an unknown item for money would not by itself be a fact justifying probable cause to arrest for a drug transaction.  Id. at 107, 542 S.E.2d at 821.  Clarifying the point further, Ross cited with approval various cases in which such an exchange coupled with *additional* circumstances established probable cause to arrest.  These examples included cases where an officer saw "a corner of a plastic baggie" which the defendant later "attempted to hide" from the officer;[1] or saw a "glassine envelope" often used to package heroin;[2] or witnessed an individual in a "known drug area" after being signaled by a person in a parked car "put his head and one hand in the vehicle for a few seconds" and make an exchange of unknown objects;[3] or saw an individual in a "drug-prone area" conduct a hand-to-hand exchange and then "hide a plastic bag immediately after the exchange."[4]

Ross also made clear the "fact that [the officer] did not see and could not identify the item that Ross removed from the baggie does not preclude a finding of probable cause under these circumstances."  Id. at 108, 542 S.E.2d at 821.  This was true even though the officer "had no drug training and had never served on a drug task force" and had made only six drug-related arrests in his five-and-a-half-year career as a police officer.  Id. at 109, 542 S.E.2d at 822.

---

[1] Ross, 35 Va. App. at 108, 542 S.E.2d at 821 (citing In re J.D.R., 637 A.2d 849 (D.C. 1994)).

[2] Id. (citing People v. McRay, 416 N.E.2d 1015, 1018-20 (N.Y. 1980)).

[3] Id. (citing State v. Martin, 956 P.2d 956, 958-59 (Or. 1998)).

[4] Id. (citing People v. Jones, 683 N.E.2d 14, 15 (N.Y. 1997)).

For these reasons, Ross fully supports the conclusion that the officer in this case had probable cause to believe Powell had engaged in a hand-to-hand drug transaction — thus authorizing the officer to arrest Powell. See generally Atwater v. Lago Vista, 532 U.S. 318, 354 (2001) (recognizing the Fourth Amendment permits a warrantless arrest of a suspect who has committed a criminal offense in the officer's presence). It necessarily follows the officer also had authority "to search the suspect in order to safeguard evidence and ensure [his] own safety." Virginia v. Moore, 553 U.S. 164, 178 (2008), rev'g, 272 Va. 717, 636 S.E.2d 395 (2006). Because a legally justifiable arrest is itself a "reasonable intrusion under the Fourth Amendment," any contemporaneous "search incident to the arrest requires no additional justification." Joyce, 56 Va. App. at 657, 696 S.E.2d at 242 (citation omitted).[5]

The officer's search authority also extended to Powell's vehicle. In Arizona v. Gant, 129 S. Ct. 1710, 1719 (2009), the United States Supreme Court held a vehicle can be searched when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." See generally Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010). As the Court of Appeals for the District of Columbia Circuit has explained:

> Presumably, the "reasonable to believe" standard requires less than
> probable cause, because otherwise Gant's evidentiary rationale
> would merely duplicate the "automobile exception," which the
> Court specifically identified as a distinct exception to the warrant
> requirement. Rather, the "reasonable to believe" standard probably
> is akin to the "reasonable suspicion" standard required to justify a
> Terry search. Accordingly, the officer's assessment of the
> likelihood that there will be relevant evidence inside the car must
> be based on more than "a mere hunch," but "falls considerably

---

[5] Powell points out on brief the officer advised him he was under arrest after searching his person and finding the marijuana. That fact is immaterial. When "the formal arrest follows quickly on the heels of the challenged search, it is not particularly important that the search preceded the arrest rather than vice versa, so long as probable cause existed at the time of the search." Joyce, 56 Va. App. at 657, 696 S.E.2d at 242 (citation, internal quotation marks, and emphasis omitted).

short of needing to satisfy a preponderance of the evidence standard."

United States v. Vinton, 594 F.3d 14, 25 (D.C. Cir. 2010) (brackets and internal citations omitted) (relying in part on United States v. Arvizu, 534 U.S. 266, 274 (2002)).[6]

Applying Gant, we hold it was reasonable for the arresting officer to believe Powell's vehicle contained evidence related to the suspected drug transaction.[7] The trial court, therefore, did not err in denying Powell's motion to suppress the evidence found in his vehicle, including a .45 caliber handgun, bag of crack cocaine, digital scale, and plastic baggies.

III.

The trial court correctly denied Powell's motion to suppress. We thus affirm his convictions for possession of cocaine, possession of a firearm while in possession of cocaine, possession of a concealed weapon, and possession of marijuana.

Affirmed.

---

[6] See also Perez v. People, 231 P.3d 957, 961 (Colo. 2010); People v. McCarty, 229 P.3d 1041, 1046 (Colo. 2010); People v. Chamberlain, 229 P.3d 1054, 1057 (Colo. 2010).

[7] Given our holding, we need not address whether Powell was "within reach of the passenger compartment of the vehicle," Armstead, 56 Va. App. at 576, 695 S.E.2d at 564 (citing Gant, 129 S. Ct. at 1719), at the time of the vehicle search. Nor do we need to determine if the search fit within the automobile exception to the warrant requirement. See id. at 576 n.4, 695 S.E.2d at 564 n.4 (noting Gant expressly left "untouched" the automobile exception permitting vehicle searches supported by probable cause).