UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Senior Judge Frank
Argued at Norfolk, Virginia


LAMONT DECARLO BOOKER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1542-17-1                      JUDGE ROBERT P. FRANK
                                                    NOVEMBER 6, 2018
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         Kenneth R. Melvin, Judge

            Don Scott for appellant.

            Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Lamont Decarlo Booker, appellant, was convicted in a jury trial of possession with the intent

to distribute drugs, third or subsequent offense, in violation of Code § 18.2-248.  The sole issue on

appeal is whether the police had probable cause to stop and search appellant a second time on

March 23, 2016.[1]  Finding no error, we affirm his conviction.

                                        BACKGROUND

        Viewed in the light most favorable to the Commonwealth, Wells v. Commonwealth, 65

Va. App. 722, 725, 781 S.E.2d 362, 364 (2016), the evidence reveals that on the morning of March

23, 2016, Officers Hunter and Whitson of the Portsmouth Police Department received a call from a

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The police found no contraband on appellant during their first encounter with appellant
on March 23, 2016, which occurred about five minutes before the second encounter.  Thus, there
is no evidence to be suppressed from the first encounter.

confidential informant[2] stating that a black man wearing a green and grey striped hoodie, grey shoes, and sweatpants was in the area of Watts Street and Nashville Avenue and was in possession of fifty capsules of heroin. The referenced area was known to the police as a high drug crime area.

Within thirty seconds of the phone call, Officers Hunter and Whitson went to Watts Street and Nashville Avenue and observed appellant, who matched the description given by the informant. The officers approached appellant, who identified himself as Divine Johnson, which was the name by which the officers knew him from a prior encounter.[3] They later learned from another officer that appellant's name was Lamont Booker. Officer Hunter told appellant that he had information that appellant was in possession of heroin. Appellant replied, "No, I don't have no narcotics on me. You can search me." Officer Hunter frisked appellant, but did not search inside of appellant's pants or underwear. The officer did not locate any contraband and told appellant that he was free to go.[4]

About five minutes later, Officer Hunter received a phone call from a "concerned citizen." Officer Hunter explained at the suppression hearing that he had known this person for about six years. During that time the citizen had provided the officer with reliable information regarding

---

[2] Officer Hunter had reported that the informant was a concerned citizen but later corrected that statement, indicating the informant was a confidential informant. Officer Hunter had received information from the informant once before, which had proved accurate, but Hunter acknowledged that the informant had not worked with the police long enough to be characterized as "reliable."

[3] There had been an earlier encounter between appellant and Officers Hunter and Whitson on March 18, 2016. The officers had received information from another reliable informant, but they found no contraband on appellant when they searched him, as he had discarded the drugs before they approached. Appellant filed a complaint with the police department regarding the encounter, which was partially substantiated after an internal review. The trial court heard evidence about the incident at the suppression hearing, but after examining *in camera* the documents from the internal affairs review, ruled that no mention of the events on March 18, 2016, would be presented to the jury at trial. The incident has no bearing on whether the officers had probable cause to stop and search appellant on March 23, 2016.

[4] Because there is no evidence to be suppressed from this search, we need not determine whether Officer Hunter had probable cause to stop and search appellant, nor whether he consented to the search.

narcotics about twenty to thirty times and had never provided any information that was not accurate. Officer Hunter recognized both the phone number on his caller I.D. and the caller's voice as the concerned citizen's number and voice.[5] The citizen, who had observed the officers' encounter with appellant, told Officer Hunter that he had overheard appellant saying, "The police did not find nothing on me. I hid the narcotics in my buttocks."

Officers Hunter and Whitson returned to Watts Street, where the concerned citizen had said that appellant would be. The officers again approached appellant and told him that they had additional information about his possession of drugs. The officers suggested that if appellant had anything on him to go between the doors on the police car to turn it over.[6]

Appellant walked to the police car, put his hands down the back of his pants, and removed forty-one capsules of suspected heroin from his buttocks. The officers did not draw their guns or tasers. They also did not tell appellant that he was under arrest before appellant pulled out the heroin. Nor did they attempt to handcuff appellant until after he was arrested. Another officer arrived on the scene and identified appellant as Lamont Booker.

Appellant filed a "Motion to Suppress" on November 3, 2016, alleging a warrantless seizure of his person and subsequent search. During the suppression hearing, appellant argued that a previous encounter with the police five days earlier on March 18, 2016, was relevant to determine whether his rights were violated on March 23, 2016. The trial court ultimately ruled the March 18, 2016 encounter between the officers and appellant was not relevant to the events of March 23,

---

[5] In his statement of facts in his opening brief, appellant failed to recite the information describing the informant's reliability. He also did not discuss these factors in the argument portion of his brief.

[6] The officers made this suggestion because appellant previously had expressed an interest in becoming an informant, and it would have been more difficult to use appellant as an informant if his neighbors had seen him talking to the police.

2016.[7] Appellant also argued that neither encounter on March 23, 2016 was consensual, nor was there was any reasonable suspicion or probable cause to stop and search him.

The trial court denied the motion to suppress. This appeal follows.

ANALYSIS

Appellant argues that the police had no probable cause to stop and search him on March 23, 2016, based on his contention that Officer Hunter relied upon unreliable and unverifiable information from the two informants.[8] We address, however, only the second encounter on March 23, 2016, because there is no evidence to suppress from the first encounter since no contraband was found during the first search.[9]

When reviewing a trial court's denial of a motion to suppress, an appellate court views the evidence "in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it." Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d 761, 764 (2002) (citing Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)). It is the appellant's burden to show that, considering the evidence under the applicable standard, the denial of the motion to suppress was reversible error. See McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001); Hill v. Commonwealth, 68 Va. App. 610, 616-17, 812 S.E.2d 452, 455 (2018).

---

[7] To the extent appellant asserts that this ruling was error, it is not part of the granted assignment of error and we will not consider it. See Rules 5A:12(c)(1)(i) and 5A:20(c). Appellant asserted in his petition for appeal that the trial court erred in excluding evidence of the March 18, 2016 encounter. This Court did not award an appeal on that assigned error.

[8] Appellant also argues in his brief that his Fourteenth Amendment due process rights and his Sixth Amendment confrontation rights were violated because he had no opportunity to confront the citizen who made the second call to Officer Hunter. These issues were not presented in the assignment of error, and we will not consider them. See Rules 5A:12(c)(1)(i) and 5A:20(c).

[9] Similarly, while appellant also contends that there was no probable cause for the March 18, 2016 search, nothing was found then, and there is nothing to suppress.

An appellate court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and [must] give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)). However, an appellate court will "review *de novo* the trial court's application of legal standards . . . to the particular facts of the case." McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (citing Ornelas, 517 U.S. at 699). "Ultimate questions of reasonable suspicion and probable cause . . . involve questions of both law and fact and are reviewed *de novo* on appeal." Ramey v. Commonwealth, 35 Va. App. 624, 628, 547 S.E.2d 519, 521 (2001) (quoting Neal v. Commonwealth, 27 Va. App. 233, 237, 498 S.E.2d 422, 424 (1998)).

Further, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Elliott v. Commonwealth, 277 Va. 457, 462, 675 S.E.2d 178, 181 (2009); see Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015). The appellate court must defer to the credibility determinations made by the fact finder, who has seen and heard the witnesses testify, unless the witnesses' testimony is inherently incredible. See Sawyer v. Commonwealth, 43 Va. App. 42, 53, 596 S.E.2d 81, 86 (2004).

The concept of "probable cause" "does not demand all possible precision." Joyce v. Commonwealth, 56 Va. App. 646, 658, 696 S.E.2d 237, 243 (2010) (quoting Herring v. United States, 555 U.S. 135, 139 (2009)). "The standard is not calibrated to 'deal with hard certainties, but with probabilities.'" Powell v. Commonwealth, 57 Va. App. 329, 335, 701 S.E.2d 831, 833 (2010) (quoting Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003)). "[P]robable cause 'requires *only* a probability or substantial chance of criminal activity, not an

actual showing of such activity.'" Id. at 336, 701 S.E.2d at 834 (emphasis added) (quoting

Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)). It is not necessary that "a police officer's

belief regarding criminal activity be 'correct or more likely true than false.'" Byrd v.

Commonwealth, 57 Va. App. 589, 595, 704 S.E.2d 597, 600 (2011) (*en banc*) (quoting Slayton,

41 Va. App. at 106, 582 S.E.2d at 450). "The Constitution does not guarantee that only the

guilty will be arrested." Joyce, 56 Va. App. at 659, 696 S.E.2d at 243 (quoting Baker v.

McCollan, 443 U.S. 137, 145 (1979)).

Information from an informant may provide probable cause to search a suspect "so long

as the officer has reasonable grounds to believe the [information] is true." Byrd, 57 Va. App. at

595, 704 S.E.2d at 600 (quoting Gates, 462 U.S. at 242). In assessing whether the second

caller's information provided probable cause, the Court uses a "totality-of-the-circumstances

approach." Id. at 596, 704 S.E.2d at 600. The informant's "reliability and basis of knowledge

are two of the 'highly relevant' factors" in the analysis. Jones v. Commonwealth, 277 Va. 171,

179, 670 S.E.2d 727, 732 (2009) (quoting Gates, 462 U.S. at 230). However, "these two factors

are not 'separate and independent requirements to be rigidly exacted in every case.'" Byrd, 57

Va. App. at 597, 704 S.E.2d at 601 (quoting Gates, 462 U.S. at 230). Rather, "a deficiency in

one may be compensated for, in determining the overall reliability of a tip, by a strong showing

as to the other, or by some other indicia of reliability." Id. (quoting Gates, 462 U.S. at 233).

Appellant argues that since the second caller on March 23, 2016 was not identified, the

citizen merely gave Officer Hunter an anonymous tip, which was not supported by predictive

information. This argument fails because we are not dealing with an anonymous tip, but with

information from a reliable informant, whom Officer Hunter had known for six years. During

that time, the informant had provided reliable information about twenty to thirty times and had

never provided inaccurate information. See Byrd, 57 Va. App. at 599, 704 S.E.2d at 601-02

(finding that informant's past performance in providing accurate information established a "strong showing" of reliability, such that he may be presumed trustworthy on future occasions); see also Jones, 277 Va. at 179, 670 S.E.2d at 732 (stating that "the information supplier's history of reliability is relevant"). The officer testified that he recognized both the caller's telephone number on his caller I.D. and his voice. Although the caller's identity was not disclosed to appellant, Officer Hunter knew the informant. See United States v. Kehoe, 893 F.3d 232, 238 (4th Cir. 2018) (noting that "courts generally presume that a citizen-informant . . . who discloses his or her identity and basis of knowledge to the police is both reliable and credible").

Reliability may be established by showing that the person providing the information had an "opportunity to observe" the event being reported to the police. Jones, 277 Va. at 179, 670 S.E.2d at 732. The informant saw Officer Hunter search appellant on March 23, 2016, and later heard appellant say, "The police did not find nothing on me. I had the narcotics in my buttocks." This statement corroborated Officer Hunter's not having found any drugs on appellant when he had frisked him but had not searched appellant's pants or underwear.

After receiving the new information, Officer Hunter approached appellant a second time. The officer told appellant that he had obtained additional information about appellant's possessing illegal drugs and told appellant to remove any contraband that he had on his person. Appellant then reached down the back of his pants and pulled out forty-one capsules of heroin. "An anonymous tip need not include predictive information when an informant reports readily observable criminal actions." Harris v. Commonwealth, 276 Va. 689, 696, 668 S.E.2d 141, 146 (2008). See Adams v. Williams, 407 U.S. 143, 146 (1972) (upholding search of defendant based on information supplied by informant who was known to the police and gave information that "was immediately verifiable at the scene").

Additionally, the area in which appellant was located at the time of the stop and search was known to the police as a high drug crime area. This fact by itself does not establish probable cause, but it may be considered in conjunction with the other factors. See Kehoe, 893 F.3d at 239; Byrd, 57 Va. App. at 603, 704 S.E.2d at 603-04.

By denying the motion to suppress based on appellant's "no probable cause" argument, the trial court implicitly found that there was in fact probable cause to stop and search appellant on March 23, 2016. We find no error in the trial court's ruling.

Finding that Officer Hunter had probable cause to stop and search appellant, we need not address whether appellant consented to the search. See Commonwealth v. White, 293 Va. 411, 419, 799 S.E.2d 494, 498 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting Commonwealth v. Swann, 290 Va. 194, 196, 776 S.E.2d 265, 267 (2015))); accord Dietz v. Commonwealth, 294 Va. 123, 134, 804 S.E.2d 309, 315 (2017) (holding that conviction for unlawfully communicating with a child under Code § 18.2-374.3(B) did not require further proof that defendant violated Code § 18.2-370 (taking indecent liberties with a minor), and thus affirming conviction on "narrower legal and factual grounds").

Affirmed.