COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Haley and Beales
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.        Record No. 0784-07-1          JUDGE D. ARTHUR KELSEY
                                         SEPTEMBER 14, 2007
KATHERINE ELIZABETH CARTER


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor Jr., Judge

J. Robert Bryden, II, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellant.

Deborah Saunders, Assistant Public Defender (Office of the
Public Defender, on brief), for appellee.


The Commonwealth appeals a trial court order suppressing evidence obtained from

Katherine Elizabeth Carter incident to her arrest for public drunkenness.[1]  Agreeing that the

trial court erred as a matter of law, we reverse and remand the case for trial.

I.

A police officer received a dispatch reporting that a woman appeared to be passed out

in a vehicle parked in the parking lot of an apartment complex.  Open to the public, the

parking lot had no gates or trespassing signs restricting access.  The woman had been

motionless for about two hours.  The officer arrived on the scene and roused the woman.

Slow to respond, the woman smelled of alcohol, had bloodshot and watery eyes, and spoke

with slurred speech.  The woman identified herself as the appellee, Katherine Carter.  The

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Louis R. Lerner ruled on the suppression motion.  Judge Wilford Taylor, Jr.
entered the order memorializing that ruling.

officer conducted several field sobriety tests, all of which Carter failed to perform properly. She had been drinking "since yesterday," Carter admitted to the officer. The officer placed her under arrest for being "drunk in public." During a search incident to arrest, the officer recovered cocaine.

Prior to trial on the cocaine possession charge, Carter moved to suppress the drugs recovered during the search. Carter asserted she "was arrested for public intoxication, however, the evidence was that she was asleep in her car, and the police officer lacked articulable evidence of criminal activity, namely public intoxication." Mot. to Suppress ¶ 3. At the suppression hearing, the arresting officer described his encounter with Carter and testified several times that he arrested Carter for being "drunk in public." In response, Carter did not contest her drunken state but claimed she was not in a public place at that time.

The prosecutor began his argument with a discussion of public drunkenness principles applicable under Code § 18.2-388. The trial court interjected that the charging instrument (though never introduced into evidence) cited the local ordinance, Hampton City Code § 24-13, not the parallel state code provision. Carter seized upon this point and argued that the city ordinance had a more restrictive scope (drunkenness in a "public place") than the parallel state statute (drunkenness in "public"). Citing a definition of "public place" applicable to the city *smoking* ordinance, Hampton City Code § 30.5-2, Carter claimed the city public drunkenness ordinance did not apply to a parking lot open to the public.

The prosecutor disagreed and asserted the ordinance and the state statute address basically "the same thing." Caselaw interpreting the state statute, the prosecutor pointed out, should govern the question whether the officer had probable cause to arrest Carter for public drunkenness. The trial court rejected this reasoning and granted the motion to suppress. In his ruling, he found no fault with the officer's conduct in making the warrantless arrest. The

mistake, the court held, was the specific citation on the charging instrument following the arrest:

> Well, I think the distinguishing factor is this. That whatever the officer did was entirely correct. Where the argument for the defendant succeeds is that this woman was charged under the city ordinance, which I'm sure is a normal course of business in charging drunk in public; however . . . the city ordinance doesn't qualify the in public for purposes of going beyond the motion to suppress. The motion to suppress is granted, ma'am.

The Commonwealth filed an interlocutory appeal claiming the trial court erred as a matter of law in granting the motion to suppress.

II.

While we defer to factfinding underlying a trial court's ruling on a suppression motion, we "decide *de novo* the 'ultimate question' of whether or not the officers violated the Fourth Amendment." Williams v. Commonwealth, 49 Va. App. 439, 454, 642 S.E.2d 295, 302 (2007) (*en banc*) (citation omitted). Employing this standard of review, we hold the trial court erred as a matter of law.

Under settled principles, an officer's "action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify [the] action.'" Brigham City v. Stuart, 126 S. Ct. 1943, 1948 (2006) (emphasis in original and citations omitted). An arresting officer's "subjective motivation is irrelevant." Robinson v. Commonwealth, 273 Va. 26, 37, 639 S.E.2d 217, 223 (2007) (quoting Stuart, 126 S. Ct. at 1948). Consequently, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Whren v. United States, 517 U.S. 806, 813 (1996) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)).

It follows that the "absence of probable cause to believe a suspect committed the *particular crime* for which he was arrested does not necessarily invalidate the arrest if the officer possessed sufficient objective information to support an arrest on a *different charge*." Slayton v. Commonwealth, 41 Va. App. 101, 109, 582 S.E.2d 448, 452 (2003) (emphasis added).[2] Put another way, an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004). To be sure, even if an officer admittedly makes an arrest on a nonexistent offense, "the arrest is nonetheless valid if, based on the facts known to the officer, objective probable cause existed as to *any* crime." United States v. McNeill, 484 F.3d 301, 311 (4th Cir. 2007) (emphasis in original).

The logic underlying this premise can hardly be disputed: "Just as a subjective belief by the arresting officer would not establish probable cause where none existed, a subjective belief by the arresting officer cannot destroy probable cause where it exists." United States v. Anderson, 923 F.2d 450, 457 (6th Cir. 1991). "Many other courts have reached the same result, which is as it should be. Exclusion in the interest of deterrence is unjustified here, especially because such situations are often attributable to complicated legal distinctions between offenses or an officer's failure to record all the bases or the strongest basis upon which the arrest was made." 1 Wayne R. LaFave, Search & Seizure § 1.4(d), at 120-21 (4th ed. 2004).

Thus, even if the police officer arrested Carter under the city public drunkenness ordinance rather than the parallel state statute, it makes no difference so long as probable cause for the arrest existed under either. See Devenpeck, 543 U.S. at 153; Slayton, 41

---

[2] See also McGuire v. Commonwealth, 31 Va. App. 584, 596-97, 525 S.E.2d 43, 49 (2000); Golden v. Commonwealth, 30 Va. App. 618, 625, 519 S.E.2d 378, 381 (1999).

Va. App. at 108-09, 582 S.E.2d at 451-52. And the record in this case shows, as a matter of law, probable cause existed under the state statute. Code § 18.2-388 applies to drunkenness in "a place in open view, visible to the community." Crislip v. Commonwealth, 37 Va. App. 66, 71, 554 S.E.2d 96, 98 (2001) (applying Code § 18.2 388 to a man "on his front porch in open view of nearby neighboring homes and the public street"); see also Tjan v. Commonwealth, 46 Va. App. 698, 709, 621 S.E.2d 669, 674 (2005). Carter's drunkenness occurred in a parking lot open to the public and routinely used by apartment residents and guests. Given the flexible nature of probable cause,[3] a reasonable police officer would have had ample objective grounds to arrest Carter for violating Code § 18.2-388.[4]

III.

In short, it matters not at all for Fourth Amendment purposes that Carter may have been charged under a city ordinance with a more narrow scope than the state public drunkenness statute. Because the point is not constitutionally relevant, the trial court

---

[3] Probable cause is not calibrated to "deal with hard certainties, but with probabilities." Slayton, 41 Va. App. at 106, 582 S.E.2d at 450 (citation omitted). Nor does it "demand any showing that such a belief be correct or more likely true than false." Id. (quoting Texas v. Brown, 460 U.S. 730, 741 (1983) (plurality)); see also United States v. Humphries, 372 F.3d 653, 660 (4th Cir. 2004); United States v. Jones, 31 F.3d 1304, 1313 (4th Cir. 1994). "Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision." Maryland v. Pringle, 540 U.S. 366, 371 (2003) (citation and internal brackets omitted). Not even a "prima facie showing" of criminality is required. Illinois v. Gates, 462 U.S. 213, 235 (1983) (citation omitted). Instead, probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id. at 243 n.13.

[4] That so, we need not address the question whether the trial court properly interpreted Hampton City Code § 24-13 to include the "public place" definition of City Code § 30.5-2 or whether probable cause existed for an arrest under the public drunkenness ordinance. We decide cases "on the best and narrowest ground available." Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))

- 5 -

necessarily erred in finding it dispositive.  We reverse the suppression order and remand the case for trial on the drug possession charge.

<u>Reversed and remanded.</u>