COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


LAWRENCE WESLEY ROBERTS

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1815-10-1                       JUDGE JERE M. H. WILLIS, JR.
                                                    OCTOBER 4, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Lawrence Wesley Roberts was convicted in the trial court of possessing cocaine, obstruction

of justice, and driving after having been declared an habitual offender, a second or subsequent

offense.  On appeal, he contends:  (1) the trial court erred in denying his motion to suppress the

evidence because the police lacked probable cause to arrest him, and (2) the evidence was

insufficient to sustain his conviction of obstruction of justice.  We affirm Roberts' convictions of

possessing cocaine and driving after being declared an habitual offender.  We reverse his conviction

of obstructing justice and order that charge dismissed.

BACKGROUND

Under familiar principles of appellate review, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(1999). When a motion to suppress is reviewed on appeal, we examine the records of both the suppression hearing and the trial to determine whether the evidence was lawfully seized. See DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542 (1987).

At about 7:45 p.m. on October 6, 2009, Officers Wright and Serrano were on patrol in the area of 26th Street and Colonial Avenue in Norfolk. The officers spotted a Honda Accord with a license plate that had expired in 2008, according to the computer located in the police vehicle. However, the license plate on the Honda had a decal indicating the tag was valid until 2010. The police computer also indicated the vehicle had been sold and the current owners were a man and a woman.

The Honda pulled into the parking lot of a convenience store and stopped. The officers followed the Honda into the parking lot and activated the police car's flashing lights. Roberts got out of the driver's seat of the Honda, and a woman exited the passenger side. Wright instructed Roberts to return to the vehicle, but he continued to walk toward the store. Wright followed him and repeated his command to return to the car. Roberts looked over his shoulder and turned back toward the Honda.

Wright asked Roberts whether he had a driver's license and who owned the vehicle. Roberts did not reply but took off running northbound on Colonial Avenue. Wright told him to stop, that he was not free to leave. Pursuing Roberts, Wright again ordered him to stop or he would use his stun gun. Roberts tripped and fell. When he got up and tried to run again, Wright grabbed him and deployed his stun gun. Roberts fell to the ground.

On the ground, Roberts resisted the arrest. Although Wright ordered him to put his hands behind his back, he tried to reach with his hands to the front of his waistband. Wright feared he was reaching for a weapon. Wright and Serrano subdued Roberts, pulling his hands behind his back and placing him in handcuffs.

Wright searched Roberts incident to his arrest and found eight bags of cocaine in his right front pocket.  Police records disclosed that Roberts had been ordered not to drive because he was an habitual offender and had been previously convicted of violating that order.

ANALYSIS

I.  Motion to Suppress

Appellant contends the trial court erred in denying the motion to suppress because the police lacked probable cause to arrest him.

> A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo on appeal.  In making such a determination, we give deference to the factual findings of the circuit court, but we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment.  The defendant has the burden to show that, considering the evidence in the light most favorable to the Commonwealth, the trial court's denial of his suppression motion was reversible error.

McCain v. Commonwealth, 275 Va. 546, 551-52, 659 S.E.2d 512, 515 (2008) (citations omitted).

Probable cause "'as the very name implies, deals with probabilities.'"  Slayton v. Commonwealth, 41 Va. App. 101, 105-06, 582 S.E.2d 448, 450 (2003) (quoting Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991)).  It does not "'demand any showing that such a belief be correct or more likely true than false.'"  Id. at 106, 582 S.E.2d at 450 (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)).  It does not require that the facts be sufficient to convict the suspect of the offense.  See id. at 107, 582 S.E.2d at 451.

In pertinent part, Code § 46.2-722 provides:

> Any person who, with fraudulent intent, alters any license plate or decal issued by the Department or by any other state, forges or counterfeits any license plate or decal purporting to have been issued by the Department under the provisions of this title or by any other state under a similar law or who, with fraudulent intent, alters, falsifies, or forges any assignment thereof, or who holds or uses any license plate or decal knowing it to have been

- 3 -

altered, forged, or falsified, shall be guilty of a Class 1 misdemeanor.

The owner of a vehicle who operates it while it displays altered or forged license plates or decals shall be presumed to have knowledge of the alteration or forgery.

Further, Code § 46.2-613(2) prohibits any person from

[d]isplay[ing], caus[ing] or permit[ting] to be displayed, any registration card, certificate of title, or license plate or decal which he knows is fictitious or which he knows has been cancelled, revoked, suspended, or altered; or display[ing] or caus[ing] or permit[ting] to be displayed on any motor vehicle . . . any license plate or decal that he knows is currently issued for another vehicle.

Using the police computer, Wright learned that the decal on the vehicle appellant was driving was inconsistent with the expiration date of the license plate. Roberts' presence with a woman in the car was consistent with the information provided by the computer that a man and a woman had purchased the car. When Wright asked about Roberts' driver's license and the vehicle's ownership, Roberts ran. Flight "invites pursuit and colors conduct which hitherto has appeared innocent." Quigley v. Commonwealth, 14 Va. App. 28, 33 n.6, 414 S.E.2d 851, 854 n.6 (1992).

Based upon the information obtained from the computer and their observation of Roberts' conduct, the police had probable cause to believe that he had violated Code § 46.2-722 by knowingly operating a vehicle with an altered or fraudulent license plate or decal. This justified his arrest and search incident to that arrest. See Virginia v. Moore, 553 U.S. 164, 178 (2008). The trial court did not err in denying the motion to suppress.

II. Sufficiency to Prove Obstruction of Justice

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447

(2003) (*en banc*) (quoting <u>Davis v. Commonwealth</u>, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77

(2002)).

Code § 18.2-460(A) provides, in pertinent part:

> If any person without just cause knowingly obstructs . . . any law-enforcement officer . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer, . . . he shall be guilty of a Class 1 misdemeanor.

To constitute a violation of the statute,

> the defendant must intend to impede an officer "in the performance of his duties." <u>Woodson v. Commonwealth</u>, 14 Va. App. 787, 795, 421 S.E.2d 1, 6 (1992). Impeding an officer's duties does not require the defendant to commit "an actual or technical assault upon the officer." <u>Love v. Commonwealth</u>, 212 Va. 492, 494, 184 S.E.2d 769, 771 (1971). Rather, "there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action." <u>Ruckman v. Commonwealth</u>, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998).

<u>Craddock v. Commonwealth</u>, 40 Va. App. 539, 552-53, 580 S.E.2d 454, 461 (2003). <u>See</u> <u>also</u>

<u>Jordan v. Commonwealth</u>, 273 Va. 639, 648, 643 S.E.2d 166, 171 (2007).

By running and not putting his hands behind his back, as ordered, Wright resisted arrest.

However, his resistance did not prevent or significantly impede the officers in the performance

of their duties. Thus the evidence was insufficient to prove him guilty of obstruction of justice.

His conviction of that offense is reversed, and that charge is ordered dismissed.

<u>Affirmed in part,</u>
<u>reversed and</u>
<u>dismissed in part.</u>