COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, AtLee and Senior Judge Frank
Argued at Norfolk, Virginia


RAYMOND ANTONIA WILLIAMS

                                                MEMORANDUM OPINION* BY
v.        Record No. 0233-16-1                  JUDGE MARY GRACE O'BRIEN
                                                MARCH 21, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William H. Shaw, III, Judge

F. Daniel Mazzio, III, Deputy Public Defender, for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Raymond Antonia Williams ("appellant") was convicted of possession of cocaine, in

violation of Code § 18.2-250.  Appellant asserts two assignments of error based on the trial court's

denial of his suppression motion:

> I.        The trial court erred by denying the motion to suppress and
> refusing to exclude the evidence seized from appellant
> because the police did not have probable cause to conduct a
> search of appellant's person based upon the totality of the
> circumstances after the stop of the vehicle.
>
> II.       The trial court erred by denying the motion to suppress and
> refusing to exclude the evidence seized from appellant
> because the police did not have reasonable suspicion to
> conduct a pat down of appellant's person and did not have
> probable cause to continue to search appellant and seize the
> suspected contraband from appellant's person.

Finding no error, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

At the suppression hearing, Detective Orlando Sanchez testified that on March 24, 2014, he attempted to stop a vehicle displaying an expired registration. Detective Sanchez pursued the car for three blocks, but the driver did not stop until a second officer, Randall Boyd, activated his lights and siren and motioned for the driver to pull over. There were three people in the vehicle; appellant was in the back seat. Detective Sanchez testified that after the driver stopped the car, appellant was "making some movements" that the detective described as "furtive . . . a lot of moving around." Officer DeAngelo Freeman arrived to act as backup.

Detective Sanchez returned to his cruiser to write a traffic summons, and Officer Boyd conducted a scan of the car with his drug detection dog. When the dog alerted on the driver's door, Officer Boyd and Officer Freeman removed the occupants of the car. Detective Sanchez began to search the vehicle and immediately saw suspected marijuana residue "throughout the floorboard" in the front and back of the vehicle, including the rear passenger side where appellant had been sitting. Detective Sanchez, who was assigned to the narcotics unit, testified that in his twelve years of experience, he has made numerous drug arrests and is familiar with the appearance of marijuana.

After Detective Sanchez found the suspected marijuana, Officer Freeman searched appellant. Officer Freeman advised Detective Sanchez that he "felt something," and Detective Sanchez recovered a glass pipe from appellant's jacket pocket. Detective Sanchez recognized the pipe as a device commonly used to smoke crack cocaine. The pipe was analyzed and determined to contain cocaine residue.

## II. ANALYSIS

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon [appellant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).  "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them."  Id. at 198, 487 S.E.2d at 261.

However, "we review *de novo* the trial court's application of legal standards . . . to the particular facts of the case."  McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (*en banc*).  Therefore, "[t]hough the ultimate question whether an officer violated the Fourth Amendment triggers *de novo* appellate scrutiny, 'we defer to the trial court's findings of "historical fact" and give "due weight to the inferences drawn from those facts."'"  Joyce v. Commonwealth, 56 Va. App. 646, 656, 696 S.E.2d 237, 242 (2010) (quoting Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448, 449-50 (2003)).

Appellant does not contest the lawfulness of the traffic stop and concedes that Detective Sanchez had probable cause to search the vehicle after the drug detection dog alerted.  See Jones v. Commonwealth, 277 Va. 171, 180, 670 S.E.2d 727, 732-33 (2009) (holding that a positive alert from a narcotics detection dog establishes probable cause to search a vehicle).  He contends, however, that the subsequent search of his person "lacked probable cause."

> The presence or absence of probable cause is not to be examined from the perspective of a legal technician.  Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.

Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981) (citing Draper v. United States, 358 U.S. 307, 313 (1959)).  "Probable cause relies on a 'flexible, common-sense standard'- one that does not 'demand any showing that such a belief be correct or more likely true than false.'"  Slayton, 41 Va. App. at 106, 582 S.E.2d at 450 (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)).

- 3 -

The residue found on the floorboard throughout the vehicle provided probable cause that appellant possessed marijuana, in violation of Code § 18.2-250.1. Detective Sanchez testified that he observed and tested marijuana almost daily during his work as a narcotics detective. Based on his training and expertise, he believed that the residue in the car was marijuana. Therefore, he had probable cause to believe that appellant possessed marijuana either individually or jointly with the other occupants of the vehicle.

Appellant relies on Whitehead v. Commonwealth, 278 Va. 300, 683 S.E.2d 299 (2009), to support his assertion that Detective Sanchez unlawfully searched him. His reliance is misplaced. In Whitehead, a drug detection dog alerted on a lawfully stopped vehicle. Id. at 303, 683 S.E.2d at 299-300. The officers removed the occupants and searched the vehicle. Id. They did not find anything illegal in the car, so they began to search the occupants. Id. The defendant, who was the fourth and last occupant to be searched, possessed a syringe with heroin residue and he was subsequently charged and convicted of possession of heroin. Id. at 303-05, 683 S.E.2d at 300.

The Supreme Court reversed the defendant's conviction and held that although the police had probable cause to search the vehicle, when no contraband was found in the vehicle, "the positive alert did not provide probable cause sufficiently particularized as to [the defendant] to allow the search of his person." Id. at 314, 683 S.E.2d at 305. Whitehead differs from the case before us, because, unlike Whitehead, contraband was found in the vehicle after the dog alerted, providing probable cause to search each of the occupants.

Further, when Officer Sanchez found the marijuana residue in the car, he had probable cause to arrest the car's occupants. Accordingly, the subsequent search of appellant's person was also legally permissible as a search incident to arrest. See Virginia v. Moore, 553 U.S. 164, 178 (2008) ("When officers have probable cause to believe that a person has committed a crime

- 4 -

in their presence, the Fourth Amendment permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety.").

Based on the totality of the circumstances, we find that the court did not err in denying appellant's motion to suppress and we affirm the conviction.[1]

Affirmed.

---

[1] Because we find that the police officer had probable cause to search appellant, we do not address appellant's second assignment of error.