COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Chafin
Argued at Richmond, Virginia

RICHARD ALVIN HENDRICK

MEMORANDUM OPINION* BY
v.      Record No. 0156-18-2            JUDGE WILLIAM G. PETTY
                                        MARCH 26, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge Designate[1]

Lauren Whitley, Deputy Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Richard Alvin Hendrick was charged with possession of a firearm after having been

convicted of a violent felony, in violation of Code § 18.2-308.2. Hendrick filed a motion to

suppress the evidence resulting from a second search of his person, which he argued violated the

Fourth Amendment of the Constitution. After a hearing on the motion, the trial court denied the

motion. Hendrick appeals, arguing that the trial court erred in denying his motion to suppress.

Finding no error, we affirm the trial court's decision.

BACKGROUND

We view the facts in the light most favorable to the prevailing party below, granting to it

the benefit of any reasonable inferences; we review issues of law *de novo*. Hall v.

Commonwealth, 55 Va. App. 451, 453 (2009). Officer Duane, of the Richmond Police

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The motion to suppress was heard by Judge W. Reilly Marchant.

Department Gang Unit, testified that he initiated a traffic stop of a car that made a turn without using a turn signal. Richard Hendrick was the front passenger of the car, and another male was the driver. When he approached the car, Officer Duane smelled an odor of burnt marijuana coming from the vehicle, so he asked the two men to step out of the car. As they each got out of the car, Officer Duane noticed that the smell of marijuana was coming from each individual as well as from inside the car. Officer Duane patted down both men, starting with the driver. As Officer Duane was patting Hendrick down, Hendrick was making "furtive movements" by "dropping his hands down—several times down to his waistband," so Officer Duane "told him to keep his hands up." Hendrick dropped "his hands several times towards his waistband, and he was also shifting his weight from his left to his right foot repeatedly." "[B]ecause of the furtive movements," and because Officer Duane and his partner were the only officers at the scene, Officer Duane "placed [Hendrick] into handcuffs just because, during my experience, sometimes furtive movements can be a precursor for either fighting or fleeing." The officers then searched the car, but found nothing of note. When asked if he used any marijuana, Hendrick said that he had used marijuana earlier that day.

While Kendrick was in handcuffs, Kendrick "repeatedly asked [Officer Duane] if everything was good, if [Officer Duane] found everything, if they were free to go, questions along those lines." Officer Duane noted that "for someone . . . who I did not think . . . had any contraband on them, he seemed disproportionately nervous[.]" On cross-examination, Officer Duane clarified, "Not only was he making the furtive movements, he came back in our data base with an alert as probably armed. And I also at that point because of the smell of marijuana, I had reason to conduct a full out search." So Officer Duane "conducted a second and more thorough search of [Kendrick's] person." Officer Duane found a handgun inside Kendrick's pants, "down by his shoe." Hendrick was arrested for possession of a firearm by a convicted felon. The

defense filed a motion to suppress the evidence based on an illegal search of Hendrick's person. After a hearing, the trial court denied the motion. Hendrick entered a conditional no contest plea in order to file this appeal. Hendrick was found guilty and sentenced to five years in prison with one year suspended.

ANALYSIS

Hendrick argues that the trial court erred in denying the motion to suppress. According to Hendrick, the officer's first physical encounter with Hendrick was a Terry stop and pat down that escalated into a lawful search under the Fourth Amendment when the officer searched Hendrick's pockets. This first search was lawful because the officer had probable cause to believe Hendrick possessed marijuana based on the odor emanating from his person. When no marijuana was found in that search or in the search of the car, Hendrick argues, probable cause no longer existed. Accordingly, Hendrick argues that there was no probable cause for the full search that occurred after the officer searched the car. The Commonwealth, on the other hand, argues that Officer Duane had probable cause to arrest Hendrick; therefore, he had probable cause to search him throughout the encounter.

In reviewing the trial court's ruling on a motion to suppress, this Court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." McCracken v. Commonwealth, 39 Va. App. 254, 258 (2002) (*en banc*) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198 (1997) (*en banc*)). In determining whether evidence was seized in violation of the Fourth Amendment, this Court "must give 'deference to the factual findings of the trial court,'" but "'independently determine' whether those findings satisfy the requirements of the Fourth Amendment." Slayton v. Commonwealth, 41 Va. App. 101, 105 (2003) (quoting Whitfield v. Commonwealth, 265 Va. 358, 361 (2003)). In other words, this

Court decides *de novo* the "ultimate question" of whether an officer violated the Fourth Amendment. Id.

This case concerns a question of probable cause to search Hendrick's person. "[T]he probable-cause standard does not require that the officer's belief be more likely true than false." United States v. Humphries, 372 F.3d 653, 660 (4th Cir. 2004) (quoting Illinois v. Gates, 462 U.S. 213, 235 (1983)). "Probable cause relies on a 'flexible, common-sense standard'" and "does not 'demand any showing that such a belief be correct or more likely true than false.'" Slayton, 41 Va. App. at 106 (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Gates, 462 U.S. at 243 n.13. Probable cause deals with probabilities that are not "technical" but are "the factual and practical considerations in everyday life on which reasonable and prudent men, not legal technicians, act." Garza v. Commonwealth, 228 Va. 559, 564 (1984) (quoting Saunders v. Commonwealth, 218 Va. 294, 300 (1977)). Under the Fourth Amendment, "probable cause may be supported by the detection of distinctive odors, as well as by sight." Bunch v. Commonwealth, 51 Va. App. 491, 496 (2008) (quoting United States v. Haynie, 637 F.2d 227, 234 (4th Cir. 1980)).

"[I]f an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana." Id. (quoting Humphries, 372 F.3d at 660). In Bunch, an officer conducted a weapons pat down of Bunch after he got out of the car he was in. Id. at 494. The car was illegally parked in an area known for drug distribution and prostitution. Id. The odor of marijuana that the officer had already smelled coming out of the car window got noticeably stronger when Bunch stepped out of the car and walked by the officer. Id. During the pat down, the officer felt a bulge in Bunch's pocket. Id. "The odor was

very strong coming from this pocket" so the officer reached inside and found marijuana and crack. Id. Bunch argued that by reaching into his pocket, the officer violated the scope of a permissible weapons frisk. Id. It was an "evidentiary search unrelated to the justification" for the weapons frisk. Id. The Court affirmed the conviction, noting that the odor of marijuana coming from Bunch was sufficient probable cause to search him. Id. at 496. Therefore, the Court held that probable cause existed when the officer reached inside Bunch's pocket. Id. at 497.

Here, not only was the smell of marijuana coming from Hendrick's person, but Hendrick admitted to smoking marijuana earlier that day.[2] All the more, Officer Duane searched the car and could not find any marijuana despite the odor. All the while he searched the car, Hendrick was acting nervously and asking questions. See Logan v. Commonwealth, 29 Va. App. 353, 361 (1999) (noting nervousness of the suspect is a factor to consider when evaluating an officer's actions). Hendrick also made furtive movements during the initial pat down. The odor of marijuana, Hendrick's admission of drug use, and his furtive movements, coupled with the fact that Hendrick came up as probably armed in the police database, justified Officer Duane's "full search" of Hendrick. See Commonwealth v. Smith, 281 Va. 582, 591 (2011) (noting that the knowledge of the officers who entered the criminal history into the police database is imputed to other officers for purposes of assessing whether they were justified in frisking Smith).

To support his argument that the officer could not search him "twice," Hendrick cites Howell v. Moore, 2017 WL 4337102 (E. D. Va. Sep. 30, 2017). Howell is markedly different

---

[2] That admission, coupled with the corroborating odor of burnt marijuana was more than enough probable cause to justify an arrest of Hendrick for possession of marijuana. And, "[w]here, as here, the product of the search was not essential to probable cause to arrest and 'the formal arrest followed quickly on the heels of the challenged search of [the defendant's] person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.'" Wright v. Commonwealth, 222 Va. 188, 193 (1981) (quoting Rawlings v. Kentucky, 448 U.S. 98, 111 (1980)).

from the current case. Not only are the facts of the two cases different, but <u>Howell</u> was a civil lawsuit brought by Howell against several officers and the locality. In <u>Howell</u>, the officers never had probable cause to believe that Howell possessed marijuana or was committing any other crime. Nevertheless, the officers searched the vehicle thoroughly three times for a total of an hour and called multiple officers to the scene to assist. <u>Id.</u> at *2. Here, Officer Duane did not conduct multiple "searches." Officer Duane's first encounter with Hendrick was a pat down for officer safety, which Hendrick does not challenge on appeal. It was not until after searching the car and observing Hendrick's behavior that Officer Duane conducted a full search. The officer had probable cause to search Hendrick based on the odor of marijuana emanating specifically from his person, his admittance that he smoked marijuana, the alert on the police system that Hendrick was likely armed, and his furtive movements and nervous behavior.

CONCLUSION

For the foregoing reasons, we affirm.

<u>Affirmed.</u>